UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Pamela J. Webb, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Global Acceptance Credit Company , | **COMPLAINT** <br> JURY |
| Defendant. | |

For this Complaint, the Plaintiff, Pamela J. Webb, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Pamela J. Webb ("Plaintiff"), is an adult individual residing in Port Arthur, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Global Acceptance Credit Company ("Global"), is a Texas business entity with an address of 5850 Interstate 20 W Suite 100, Arlington, Texas 76017-1071, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Global for collection, or Global was employed by the Creditor to collect the Debt.

9. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.** **Global Engages in Harassment and Abusive Tactics**

10. Within the last year, Global contacted Plaintiff in an attempt to collect the Debt.

11. Global placed several calls a day to Plaintiff's residential telephone in May 2011 in an attempt to collect the Debt.

12. When placing calls to Plaintiff, Global asks to speak with "Mick Joubert" or "Micky Joubert" (the "Debtor").

13. During the initial conversation and during every conversation thereafter, Plaintiff informed Global that the Debtor does not reside with her and that she did not know the Debtor or have any relation to the Debtor, and further instructed Global to cease calling her in an attempt to reach this individual.

14. Despite Plaintiff's repeated requests, Global continued to place several calls to her in an attempt to the Debtor.

15. When speaking with Plaintiff, Global inferred that Plaintiff was not being truthful and insinuated that Plaintiff knows the Debtor.

16. On multiple instances, Global would use an automated dialing system. Plaintiff answered many of Global's telephone calls and there were no live individuals on the other end of the telephone with whom to speak. This caused a great amount of frustration and distress to Plaintiff.

C. **Plaintiff Suffered Actual Damages**

17. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

18. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

19. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

23. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

27. The Defendants are each a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

28. The Defendants used abusive and profane language when speaking with the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(1).

29. The Defendants caused a telephone to ring repeatedly, with the intent to annoy or abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

30.     The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## COUNT III
## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33.     Texas further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Texas state law.

34.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with excessive phone calls.

35.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

36.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

37.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

38.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

39.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

41.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

42.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5. Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6. Remedies under Tex. Bus. & Comm. Code § 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a);

7. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

8. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

9. Punitive damages; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 13, 2011

Respectfully submitted,

By: ___/s/ Jody B. Burton_____

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG & ASSOCIATES, L.L.C.
14785 Preston Road, Suite 550
Dallas, Texas  75154

*Counsel To:*
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424